PAUL B. WRIGHT
Attorney at Law
1181 C Lake Cook Road
Deerfield, Illinois 60015
(773) 844-3364



FILED-ED4

02 APR -9 AM 9:20

U.S. DISTRICT COURT

DOCKETED
APR 0 9 2002

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

PAUL WRIGHT, an individual       )    CIVIL ACTION  MAGISTRATE JUDGE KEYS
)
         Plaintiff,        )
)
     v.                 )    No.
)
)
DOMAIN SOURCE, INC.,       )
)
         Defendant.       )

## VERIFIED COMPLAINT -- CYBERPIRACY

COMES NOW, Plaintiff Paul B. Wright, Jr., by and through his undersigned counsel as and for his

Complaint against Defendant Domain Source, Inc., alleges as follows:

### I.

### NATURE OF ACTION

1.    This is an action for civil and injunctive relief against defendant Domain Source, Inc.,

(hereinafter "Domain Source" or "Defendant"), based upon the unlawful registration of plaintiff Paul Wright's

personal name as a domain name, "paulwright.com" (the "Domain"), in violation of federal laws and the laws

of the state of California, where Defendant is resident and maintains its principal place of business. As

described more fully below, the Domain was registered by Defendant in bad faith and with the specific intent

to profit from the name by various means, including, without limitation: (a) offering the Domain for sale to

third parties, including plaintiff Paul Wright (hereinafter "Plaintiff"), a living person whose name is the same as, and/or substantially and confusingly similar to the Domain; and (b) maintaining a commercial Internet site using the Domain to profit from implied and/or explicit association with the Domain and the individual, personal name or personality such Domain represents. Accordingly, Plaintiff seeks an award of civil damages and penalties, injunctive relief transferring and forfeiting the Domain to Plaintiff, and an award of his costs and attorney's fees.

## II.

## THE PARTIES

2.      Plaintiff Paul Wright is a real person, currently a resident of the State of Illinois, and formerly a resident of the State of Missouri during certain times relevant to this action.

3.      Upon information and belief Domain Source, Inc. is organized under the laws of the state of California, and maintains its principal place of business at 310 Rio Del Mar Blvd., Rio Del Mar, California 95003. Andrew Sievright is listed with the California Secretary of State as the Agent for Service of Process for Domain Source, Inc. at the Rio Del Mar location, which is believed to be Defendant's regular place of business. Defendant also maintains an office at 617 Beach Drive, Aptos, California 95003. *See* Exhibit A (E-Mail Correspondence from Defendant, received April 2, 2002). *See also* Exhibit B (Corporate Records for Domain Source obtained from the Secretary of State of California, dated March 12, 2002).

## III.

## JURISDICTION AND VENUE

4.      This action arises, inter alia, under the Lanham Act 15 U.S.C. §1125 et seq., §1129, and under the laws of the State of California, specifically including Division 7, Part 3, Chapter 1, §17525, et seq., and §17535, et seq. of the California Business and Professions Code.

5.      This Court has original subject matter jurisdiction over this action under 28 U.S.C. §§1131, 1338, and 15 U.S.C. §1121. This Court further has supplemental jurisdiction over those claims arising under

California state law which share a common nucleus of operative facts with the federal law claim(s) under 28 U.S.C. §1367.

6.      Upon information and belief, this Court has personal jurisdiction over the Defendant based upon its transaction of business in interstate commerce and other contacts and activities intentionally directed at the forum state of Illinois, and based upon Defendant's commission of tortious acts which have injurious effects in the jurisdiction, all as more specifically described herein.

7.      Venue is proper in this district pursuant to 28 U.S.C. §1391.

## IV.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

8.      Plaintiff Paul Wright is a real person, currently residing in the State of Illinois, who maintains a practice as an attorney at law in the states of Missouri and Illinois. Plaintiff additionally provides technology services to persons in various states. Plaintiff's professional practices have effects in interstate commerce.

9.      Plaintiff is the original registrant of the Domain, "paulwright.com", having registered such domain name on or about June 29, 1999, with Network Solutions, Inc., the designated Registrar of the Internet Corporation for Assigned Names and Numbers (ICANN). *See* Exhibit C (Invoice for Domain "paulwright.com"). Following the original registration Plaintiff maintained an Internet site using the Domain "paulwright.com" in association with the offering of professional services. Plaintiff's use of the site was known both to clients and to unknown parties in interstate and international commerce who accessed the Domain, such that Plaintiff's services became directly associated with the Domain "paulwright.com" as a protected mark used in commerce. The Domain "paulwright.com" was commonly recognized by and associated by visitors to Plaintiff's website with the Plaintiff's offer of services in commerce. Plaintiff undertook efforts to maintain current and correct contact information with Network Solutions at all times.

10.      On or about the month of September, 2001, Plaintiff learned that the Internet site he previously maintained was no longer active using the Domain address, and further, that the Domain's registration record

reflected registration by another party unknown to Plaintiff. Plaintiff immediately inquired of Network Solutions regarding the status of the Domain. Plaintiff had previously been the victim of registration "Hijacking", whereby an unauthorized party submits changes to certain Registrant or Contact information through the Registrar, which results in the ostensible change of ownership or responsibility for a domain name in the published domain records. Upon this inquiry Network Solutions' representatives explained that their records of Plaintiff's contact information was not updated with correct information, suggesting that any renewal notices sent by Network Solutions had likely been sent to an expired physical address, as well as an email address at a then-defunct internet service provider. Plaintiff had initiated requests to update all his contact information with Network Solutions on occasions prior to the lapse, apparently without sufficient execution on the part of Network Solutions as the responsible Registrar.

11.     Following Plaintiff's subsequent review of the registration by the third party, Plaintiff concluded that the new registrant, Domain Source, had apparently not committed an act of domain "Hijacking". Upon information and belief, the Defendant registered the Domain in its name and control on or about September 19, 2001.

12.     Plaintiff subsequently researched the subsequent registrant, Domain Source, and attempted to contact Domain Source to obtain a transfer of the registration of the Domain "paulwright.com" back to his control. Plaintiff submitted an inquiry to Defendant through the Internet website which Defendant had erected using the Domain "paulwright.com". The Defendant's website contained a link inviting visitors to submit an inquiry on the Domain, ostensibly for sale purposes. On or about October 22, 2001, Plaintiff submitted an inquiry through the website and link, which described the circumstances of the lapse of Plaintiff's registration and asked for Defendant's cooperation in transferring the Domain back to Plaintiff for reasonable compensation for the estimated thirty-five dollar ($35) cost incurred by Defendant for the one year registration fee, based upon Plaintiff's equitable and good faith claims to the Domain. Plaintiff mailed a copy of the

inquiry to himself, because the submission link would not return a copy of the correspondence. *See* Exhibit D (Email message containing a copy of the text of Plaintiff's inquiry, dated October 22, 2001).

13.     Receiving no reply to the initial inquiry, Plaintiff submitted a subsequent inquiry to Defendant through its website seeking transfer of the Domain on or about December 27, 2001. On or about December 31, 2001, Defendant responded to Plaintiff's inquiry with an offer to sell the Domain at the cost of $1,855. The Defendant's reply asserted that the Defendant was "in the internet web traffic…business", and that the retail value of the Domain would be "in the $5,000 range". *See* Exhibit E (Email Reply from Defendant, dated December 31, 2001). Defendant further suggested that Plaintiff could realize an appreciation in the value of the Domain over time, and profit from a sale of the Domain "on the open market" if he purchased the Domain.

## V.

## DEFENDANTS' BAD FAITH REGISTRATION OF DOMAIN

14.     Plaintiff reasserts and alleges paragraphs 1 through 13, which are hereby incorporated, as if fully and originally set forth herein.

15.     The Domain consists of Plaintiff's personal name, and further, is the same as, and/or substantially similar to Plaintiff's personal name. Plaintiff did not consent to Defendant's registration of the Domain. The Defendant is neither named or properly known by the personal name referenced by this Domain. The Defendant lacked any good faith basis to register the proper name constituting the Domain. Moreover, the Defendant did register, traffic in and use the Domain, which is identical and/or confusingly similar to the personal name of Plaintiff not with any good faith intent, but with bad faith intent. Such actions are alleged to have been unlawful under applicable state and federal laws.

16.     The Defendant is a serial registrant of various domain names. The Defendant is listed in the directory of domain registrants as the owner of multiple domains. The Defendant has multiple contact names, contact addresses and phone number, or other identities, which are believed to be a means of obscuring Defendants' actual identities, place and manner of business. *See* Exhibit F (Excerpts of multiple domain

registration records and entries for the Defendant and Defendant's agent and registered contact, Andrew Sievright). An online search of Network Solutions' "Whois" records for Domain Source produces too many records than can be revealed, resulting in a partially aborted search where results exceed 10 found records. The vast majority of the domain names retrieved for the Defendant bear no appreciable substantive relationship to its business, other than for purposes of trafficking in the sale of domains, per se. Upon information and belief, many of the domains shown bear a clear reference to other commercial or personal names which can reasonably be recognized as protected marks or names of other parties.

17. The Defendant traffics in the registration, marketing, sale and conveyance of domain names for pecuniary gain, and overtly advertises its business as domain trafficker, using advertisements such as: **"Hundreds of prime domains for sale"** and **"A completely new method of listing domains for sale"**. *See* Exhibit G (Printed pages from Defendant's website, dated March 14, 2002).

18. The Defendant uses various and sophisticated instrumentalities and a network of individuals and organizations in intrastate and interstate commerce to facilitate the unlawful registration and marketing of this Domain and other domain names for sale to Internet users, including electronic mail, registration with search engines, and frequent updates of Registrant information. *See* Exhibit F (Whois directory record for Domain wherein Defendants amended their names of record to include the title, "This Name May Be For Sale", dated March, 12, 2002), *See also* Exhibit H (Email messages from registration monitor indicating changed Registrant information for Domain Source, effective January 15 and January 20, 2002).

## VI.

## CLAIMS FOR RELIEF

### Count I – Violation of Anticybersquatting Consumer Protection Act

19. Plaintiff reasserts and alleges paragraphs 1 through 20, which are hereby incorporated, as if fully and originally set forth herein.

20.    The Domain consists of Plaintiff's personal name.    The Domain is the same as, and/or substantially and confusingly similar to, Plaintiff's personal name.

21.    The Domain represents a mark of Plaintiff, recognized in commerce, which is subject to protection under law.

22.    Upon information and belief, the Defendant registered the Domain on September 19, 2001, without Plaintiff's consent, and with the specific bad faith intent to profit from such name by association with and selling of the Domain for pecuniary gain to Plaintiff, another living person, or to a third party.

23.    The  actions pleaded herein violate the provision of 15 U.S.C. §§1125, et seq., and §1129.  The Defendant intentionally engaged in this conduct despite the prior enactment of the Anticybersquatting Consumer Protection Act and other applicable laws, of which it had actual or constructive notice.

## Count II –Violation of California's Unfair Competition Act

24.    Plaintiff reasserts and alleges paragraphs 1 through 20, which are hereby incorporated, as if fully and originally set forth herein.

25.    The Domain consists of Plaintiff's personal name.    The Domain is identical to and/or confusingly similar to the personal name of a living person, specifically the Plaintiff.

26.    The Domain represents a mark of Plaintiff, recognized in commerce, which is subject to protection under law.

27.    Upon information and belief, the Defendant registered the Domain on September 19, 2001, without Plaintiff's consent, and without a good faith intent, but with the bad faith intent to register, traffic in, and/or use the Domain.

WHEREFORE, Plaintiff requests that the this Court order and find the Defendant liable for civil damages and penalties, as well as such other relief specified below:

1.    Statutory or actual damages, as Plaintiff may properly elect, for each violation under the federal claims alleged, as the Court deems just;

2. Statutory or actual damages, as Plaintiff may properly elect, for each violation under the state claims alleged, as the Court deems just;

3. Injunctive relief in the manner of an Order of this Court finding that Plaintiff is entitled to the permanent transfer of the registration, ownership and control of the Domain "paulwright.com" to Plaintiff, and that the Defendant shall thereby have no right, claim or interest in the same, as well and Order providing that any Certificate(s) of Registration for the Domain be deposited in the registry of this Court;

4. An Order of this Court awarding attorney's fees, costs, disbursements and any other fees chargeable to Defendant, whether under federal or state statutory, common law or procedural grounds, and judgment therefor in Plaintiff's favor; and

5. Such other further relief as the Court deems just, including post judgment interest.

Respectfully Submitted,

Paul B. Wright, Illinois ARDC # 6231409
Attorney at Law
1181 C Lake Cook Road
Deerfield, Illinois 60015
Telephone:     (773) 844-3364
Facsimile:     (847) 914-9367

## VERIFICATION

The allegations set forth in the foregoing Verified Complaint are true and correct to the best of my knowledge and belief.

Paul B. Wright

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Complaint were directed to Domain Source, Inc. via

prescribed manner and method of service on this _9th_ day of _April_ , 2002 by

_Paul Wright_ to the following:

1.  Domain Source, Inc.
    310 Rio Del Mar Blvd., Rio Del Mar, California 95003


Paul B. Wright

Paul B. Wright
Attorney at Law
1181 C Lake Cook Road
Deerfield, Illinois 60015
(773) 844-3364
(847) 914-9367 fax

# SEE CASE FILE FOR EXHIBITS



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS 02C 252

# Civil Cover Sheet

MAGISTRATE JUDGE KEYS

JUDGE JOAN H. LEFKOW

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

---

**Plaintiff(s): PAUL WRIGHT**

County of Residence:

Plaintiff's Atty:  PAUL B. WRIGHT
PAUL WRIGHT, ATTORNEY
AT LAW
1181 C LAKE COOK ROAD,
DEERFIELD, ILLINOIS 60015
773-844-3364

**Defendant(s): DOMAIN SOURCE, INC.**

County of Residence:

Defendant's Atty:

DOCKETED

APR 0 9 2002

FILED-ED4 02 APR -9 AM 9: 20 U.S. DISTRICT CLERK COURT

---

II. Basis of Jurisdiction:    **3. Federal Question (U.S. not a party)**

III. Citizenship of Principal Parties **(Diversity Cases Only)**

        Plaintiff:- **1 Citizen of This State**
        Defendant:- **5 Non IL corp and Principal place of Business outside IL**

IV. Origin :           **1. Original Proceeding**

V. Nature of Suit:      **890 Other Statutory Actions**

VI. Cause of Action:    **This action arises, inter alia, under the Lanham Act 15 U.S.C. §1125 et seq., §1129. This is an action for civil and injunctive relief against defendant Domain Source, Inc., based upon the unlawful registration of plaintiff Paul Wright's personal name as a domain name, in violation of federal laws and the laws of the state of California.**

VII. Requested in Complaint
        Class Action: **No**
        Dollar Demand:
        Jury Demand: **No**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

---

Signature: _Paul B. Wright_

Civil Cover Sheet

**Date:** 4-09-02

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.** Revised: 06/28/00

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### Eastern Division

MAGISTRATE JUDGE KEYS

In the Matter of

PAUL WRIGHT

V.

DOMAIN SOURCE, INC.

Case Number 02C 252

JUDGE JOAN H. LEFKOW

DOCKETED
APR 0 9 2002

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

PAUL B. WRIGHT, PLAINTIFF

| (A) | | | | (B) | | | |
|---|---|---|---|---|---|---|---|
| SIGNATURE *Paul B. Wright* | | | | SIGNATURE | | | |
| NAME PAUL B. WRIGHT | | | | NAME | | | |
| FIRM PAUL B. WRIGHT, ATTORNEY AT LAW | | | | FIRM | | | |
| STREET ADDRESS 1181 C LAKE COOK ROAD | | | | STREET ADDRESS | | | |
| CITY/STATE/ZIP DEERFIELD, ILLINOIS 60015 | | | | CITY/STATE/ZIP | | | |
| TELEPHONE NUMBER (773) 844-3364 | | | | TELEPHONE NUMBER | | | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6231409 | | | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | | |
| MEMBER OF TRIAL BAR? | YES ☐ | NO ☑ | | MEMBER OF TRIAL BAR? | YES ☐ | NO ☐ | |
| TRIAL ATTORNEY? | YES ☐ | NO ☑ | | TRIAL ATTORNEY? | YES ☐ | NO ☐ | |
| | | | | DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO ☐ | |
| (C) | | | | (D) | | | |
| SIGNATURE | | | | SIGNATURE | | | |
| NAME | | | | NAME | | | |
| FIRM | | | | FIRM | | | |
| STREET ADDRESS | | | | STREET ADDRESS | | | |
| CITY/STATE/ZIP | | | | CITY/STATE/ZIP | | | |
| TELEPHONE NUMBER | | | | TELEPHONE NUMBER | | | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | | |
| MEMBER OF TRIAL BAR? | YES ☐ | NO ☐ | | MEMBER OF TRIAL BAR? | YES ☐ | NO ☐ | |
| TRIAL ATTORNEY? | YES ☐ | NO ☐ | | TRIAL ATTORNEY? | YES ☐ | NO ☐ | |
| DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO ☐ | | DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO ☐ | |

FILED
'02 APR -9 AM 9: 20
U.S. DISTRICT COURT
CLERK

1-13