IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL WRIGHT, | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02C 252 5 |
| | ) | |
| | ) | |
| DOMAIN SOURCE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

RECEIVED
JUL 2 5 2002
JUDGE JOAN H. LEFKOW
UNITED STATES DISTRICT COURT
FILED
JUL 2 5 2002
JUDGE JOAN H. LEFKOW
UNITED STATES DISTRICT COURT

## NOTICE OF SCHEDULING HEARING AND PRESENTMENT

COMES NOW, Plaintiff, Paul B. Wright, by and through his undersigned counsel, pursuant to the Federal Rules of Civil Procedure and Local Rules, including Local Rule 5.3, and advises of Plaintiff's request for a hearing to present Plaintiff's Motion for Default Judgment in conjunction with the planned Scheduling Hearing set for the same date and time. Said hearing has been called for 9:30 a.m., on Tuesday, July 30, 2002, before the Honorable Judge Joan Humphrey Lefkow, in Courtroom 1925 of the Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois 60604.

Plaintiff hereby also provides notice to Defendant of said hearing. Defendant is advised that the Clerk of the Court may be contacted directly regarding any questions on the arrangements therefor.

Respectfully Submitted,

DOCKETED
AUG 0 1 2002

_/s/ Paul Wright_
Paul B. Wright, Illinois ARDC # 6231409
Attorney at Law
1181 C Lake Cook Road
Deerfield, Illinois 60015
Telephone: (773) 844-3364
Facsimile: (847) 914-9367

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this Notice of Presentment and the Application for Preliminary Injunction was sent to Domain Source, Inc., via Federal Express overnight delivery, on this 25th day of July, 2002, to the following:

1. Domain Source, Inc.
   617 Beach Drive, Aptos, California 95003
   (831) 688-4800 Fax

_____
Paul B. Wright

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL WRIGHT, | ) | CIVIL ACTION |
| Plaintiff, | ) | |
| v. | ) | No. 02C 2525 |
| DOMAIN SOURCE, INC., | ) | **FILED** |
| Defendant. | ) | JUL 2 5 2002 |
| | | JUDGE JOAN H. LEFKOW |
| | | UNITED STATES DISTRICT COURT |

DOCKETED AUG 0 1 2002

## MOTION FOR PARTIAL DEFAULT JUDGMENT

COMES NOW, Plaintiff, Paul B. Wright, by and through his undersigned counsel, pursuant to the Federal Rules of Civil Procedure, including Rules 55, 37 and 64, and submits the following Motion for Partial Default Judgment:

### I.

### DEFENDANT'S FAILURE TO FILE AN ANSWER

1. Defendant, Domain Source, Inc. ("Defendant") has been served with the complaint and summons issued in this action pursuant to law, as a matter of record herein. (See, Plaintiff's Return of Service) The first form of substituted service served upon the Defendant was delivered by hand to the California Secretary of State as Defendant's designated agent on June 11, 2002, at 11:50 a.m. Pursuant to Section 1702 of the California Corporations Code, service in this manner is deemed complete on the 10th day after delivery of the process to the Secretary of State – here June 21, 2002. Defendant was additionally served with the Summons and Complaint by mail on June 28, 2002, at 11:27 a.m. Defendant has both constructive and actual knowledge of these proceedings, which is evidenced by the written record of receipt of the summons and complaint by Defendant via the U. S. Mail at 617 Beach Drive, Aptos, California, 95003, as acknowledged by Defendant's registered

1



agent Andrew Sievright. (See, Delivery Record and Signature Confirmation from the U. S. Postal Service, attached hereto as <u>Exhibit A</u>).

2. This action alleges Defendant's bad faith trafficking in and bad faith intent to transfer domain names, including "paulwright.com" (hereinafter the "Domain"), the Domain representing the personal name of Plaintiff, in violation of various federal and state laws, specifically including the United States Anticybersquatting Consumer Protection Act or "ACPA" (15 U.S.C. §1125, et seq.) and the Cyber Piracy provisions of California's Unfair Business Practices Code (hereinafter the "California Act", codified at Division 7, Part 3, Chapter 1, §17525, et seq., and §17535, et seq. of the California Business and Professions Code). Plaintiff has prayed for various relief at law and in equity, including statutory damages, money damages, and forfeiture and transfer of the Domain to Plaintiff.

3. Under Rule 12(a)(1)(A), a defendant must serve an answer to a complaint within 20 days following the service of the complaint and summons. Defendant failed to timely file an answer or make an appearance within the prescribed time from either of the respective dates it was served with process. Moreover, Defendant has failed to file an answer or appearance at all. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter that party's default.

4. Subsequent to its receipt of service of process in this action, Defendant has claimed that it transferred the Domain to a third party, who is only identified by an email address and a private post office box in Hollywood, California.

5. The purported transfer was in open and express defiance of this Court's jurisdiction and power. Notwithstanding the fact that it had been lawfully served in this action, and its July 3, 2002 receipt of notice of a pending preliminary injunction before the Court, Defendant claimed that it could transfer the Domain to defeat the jurisdiction of this Court, noting that "our attorney Joe Mize

2

has informed us that whatever injunction you may or may not be able to secure would not be enforceable." (See, Email from Andrew Sievright of Domain Souce, Inc., dated July 5, 2002, attached as Exhibit B) The course of action ostensibly employed by Defendant arguably amounts to improper conduct subject to relief upon various grounds, including fraudulent conveyance and fraud upon the court.

6. Defendant's recalcitrance is ongoing. Defendant further appears to be engaged in affirmative avoidance of communications from Plaintiff. For example, Plaintiff's service of notice and documentation of its Motion for Preliminary Injunction was sent by Federal Express overnight delivery to the Defendant's location at 617 Beach Drive, Aptos, CA 95003, but was refused at the location and returned to Plaintiff with the designation "Recipient has Moved to So. CAL" on the package. (See, Copy of Federal Express Delivery Record from July 5, 2002, attached as Exhibit C) This occurred despite the fact that Defendant previously identified this location as the designated address for receipt of Federal Express deliveries, and despite Defendant's written acceptance of the complaint and summons herein at the same address approximately one week prior. In response to Plaintiff's telephone inquiry to confirm Defendant's contact information, Defendant stated that "[a]ny further contact from you [Plaintiff] will be considered by our company to be harassment." (See, Email from Andrew Sievright of Domain Source, Inc., dated July 15, 2002, attached as Exhibit D)

7. Defendant has failed to participate in the development and submission of a proposed discovery plan as required by Rule 26(f). As a direct result of Defendant's active refusal to cooperate and participate in this action, Plaintiff is unable to reliably determine the whereabouts and identity of the claimed transferee, or to conduct a reasonable inquiry into the facts and circumstances of the purported transfer. Furthermore, Plaintiff is unable to obtain any evidence of the purported transfer of the Domain and its surrounding circumstances, because of Defendant's refusal to

cooperate in preparation of a discovery schedule, including the production of information otherwise required under mandatory disclosure provisions.

8. Having established this Court's personal jurisdiction over the Defendant, as well as the subject matter jurisdiction over the res in this *in rem* forfeiture action, Plaintiff is entitled to relief under Rule 64, wherein the Domain is subject to seizure and distraint by the Court to secure the satisfaction of Plaintiff's remedy of forfeiture and transfer *in rem*. (See generally, U.S. v. $506,231 in U.S. Currency, 125 F.3d 442 (7th Cir.1997 (Ill.)), citing United States v. $79,123.49 in United States Cash and Currency, 830 F.2d 94, 96 (7th Cir.1987 (Ill.)).

WHEREFORE, Plaintiff requests that this Court undertake and order the following:

(a) Entry of a Partial Default Judgment finding Defendant liable to Plaintiff on Counts I and II of Plaintiff's complaint, and reserving the issues of damages, costs and attorney's fees, as well as the means and manner of injunctive relief, until such time as Plaintiff or the Court may adduce evidence of the circumstances of the purported transfer of the *res* of this action by Defendant to permit the determination of available relief suitable to secure satisfaction of the judgment prayed for. Specifically, the *in rem* forfeiture and transfer of the Domain to Plaintiff.

(b) Entry of a preliminary injunction, per the pending motion of Plaintiff, enjoining Defendant, and its officers, agents, servants, employees, registrar(s) and attorneys, and those persons in active concert or participation with them who receive actual notice of any injunction granted herein from selling, contracting to sell, transferring or attempting to transfer, any interest in or registration in the domain "paulwright.com" to any party in any manner, other than as expressly ordered by this Court during the pendency of this action.

(c) After opportunity for hearing on Plaintiff's claim that Defendant has failed to participate in the development and submission of a proposed discovery plan pursuant to Rule 37(g),

4

order Defendant to pay to the Plaintiff's reasonable expenses, including attorney's fees, caused by the failure to participate in the framing of a Discovery Plan.

(d) Entry of an order, under Rule 64 effecting a deposit of the Registrar's Certificate of the Domain into this Court, pursuant to the relief provided for pursuant to the ACPA and California Act, each of which specifically authorizes the *in rem* forfeiture and transfer of the Domain in issue.

Respectfully Submitted,

_____
Paul B. Wright, Illinois ARDC # 6231409
Attorney at Law
1181 C Lake Cook Road
Deerfield, Illinois 60015
Telephone: (773) 844-3364
Facsimile: (847) 914-9367

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Motion for Partial Default Judgment was sent to Domain Source, Inc., by Federal Express overnight delivery, on this 25th day of July to the following:

1. Domain Source, Inc.
   617 Beach Drive, Aptos, California 95003

_____
Paul B. Wright

SEE CASE FILE FOR EXHIBITS